IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BERTHA SCOTT, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  2:05cv80-F |
| ) | (WO) |
| WYANE FARMS, L.L.C., ) | |
| CONTINENTAL GRAIN CO. d/b/a ) | |
| WAYNE FARMS, L.L.C., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Now pending before the court is the August 8, 2005, motion to limit defendants' contact with putative class members (doc. # 57) filed by the plaintiffs.  On May 16, 2005, the defendant served interrogatories on the plaintiffs seeking information about "each and every past or present employee of Wayne Farms LLC whom you, or someone on your behalf, have contacted concerning the allegations in the Action."  (Def's Interrogatory # 5).  As a result of receiving this interrogatory, the plaintiffs now seek to have the court limit the defendant's contact with any potential class members.[1]  The court heard oral arguments on the plaintiffs' motion on August 30, 2005.  After careful review and consideration of the motion to limit contact, the responses filed in support of and in opposition to the motion, and argument of the parties, the court concludes that the motion to limit contact is due to be denied.

The plaintiffs argue that because the Court has the duty and authority to exercise

---

[1] Whether the interrogatory is proper is not before the court because the parties have resolved this matter themselves.

control over this collective action, it should do so by entering an order prohibiting the defendant from communicating with any potential opt-in class members. The defendant argues that entering a protective order at this juncture would constitute a prior restraint of speech, violative of the First Amendment.

"[A]n order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981). The potential class members are non-exempt chicken slaughtering and process plant employees. Although the court is concerned about the potential for coercion, the plaintiffs have come forward with no evidence of any harm or abuse by the defendant. The mere fact that there is an employer/employee relationship is insufficient to infer that a coercive situation exists. *See Basco v. Wal-Mart Stores, Inc.*, 2002 WL 272384, *3 (E.D. La. Feb. 25, 2002) (No. Civ. A. 00-3184); *Burrell v. Crown Central Petroleum, Inc.*, 176 F.R.D. 239, 244 (E.D. Tx. 1997). It is not necessary for the plaintiffs to come forward with evidence of a particularized harm, but there must be some clear record showing the need for a limitation order. The plaintiffs must demonstrate some evidentiary basis to justify interfering with the parties' First Amendment rights; this they have not done. "[T]he mere possibility of abuses does not justify routine adoption of a communications ban that interferes with the formation of a class or the prosecution of a class action." *Gulf Oil*, 452 U.S. at 102.

Accordingly, it is

2

ORDERED that the motion to limit contact with putative class members (doc. # 57) be and is hereby DENIED.

Done this 31th day of August, 2005.

        /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE